Michael TAFT

v.

**Edward D. PARE, Deputy Director of
Registry of Motor Vehicles.**

No. 87–167–M.P.

Supreme Court of Rhode Island.

Jan. 26, 1988.

William L. Bernstein, Greenville, for plaintiff.

Joseph M. Rameaka, Sp. Counsel, Dept. of Transp., for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on a petition for certiorari by the Division of Motor Vehicles, Rhode Island Department of Transportation, to review a judgment of the District Court. That court sustained an appeal by Michael L. Taft (Taft), respondent herein, and quashed an order by the petitioner suspending Taft's license. The court held that the Registry of Motor Vehicles (registry) was required to grant a hearing with regard to an ex parte license-suspension order without condition or limitation within twenty days after receipt of such request. The court also awarded Taft costs and expenses and attorneys fees pursuant to G.L. 1956 (1984 Reenactment) § 42–92–3, as enacted by P.L. 1985, ch. 215, § 1. For the reasons set forth below the petition for certiorari is denied and the judgment of the District Court is affirmed. The case is remanded to the District Court for further proceedings in accordance with this opinion.

■ On October 2, 1983, Michael L. Taft was charged in Massachusetts with operating a motor vehicle under the influence of liquor and with failing to keep to the right of the road. Taft entered a plea of not guilty and the matter was set down for trial. The parties disagree about whether Taft was found guilty after trial, as asserted by the registry, or whether he admitted to facts sufficient to sustain convictions for the violations pursuant to Mass. Ann. Laws ch. 90 § 24D (Law.Co-op. 1985) as asserted by respondent. *See, e.g., Dunbrack v. Commonwealth,* 398 Mass. 502, 502–03, 498 N.E.2d 1056, 1057 (1986). The Massachusetts trial court entered a finding of guilty. This court takes judicial notice of the fact that such a plea is the functional equivalent of a plea of nolo contendere. Thereafter, respondent surrendered his Rhode Island driver's license to the Massachusetts authorities for a period of thirty days. Taft was placed on probation for a period of one year and was required to participate in a driver alcohol education program. Some twenty months later,[1] the Rhode Island registry sent respondent a notice that his driver's license was suspended.

Upon receipt of the notice of suspension, respondent requested a hearing but was informed that the only ground for such hearing was the claim by respondent that he was not the person subject to the out-of-state conviction which formed the predicate of the suspension of respondent's driving privileges in Rhode Island. Taft then filed an appeal of the order of suspension with the Sixth Division District Court and was granted a stay of its enforcement pending disposition of the appeal. The appeal was thereafter sustained, the order of suspension was quashed, and attorney's fees were awarded pursuant to § 42–92–3. The registry then petitioned this court for certiorari, which petition was granted. Subsequent thereto an order was entered staying enforcement of that portion of the order of the District Court requiring the payment of a counsel fee.

■ This is case is before this court on a writ of certiorari. On review by certiorari our scope of review is limited to a review

---

1. We note with strong disapproval the fact that twenty months elapsed between the time this matter was disposed of by the Massachusetts trial court and respondent received notice of the suspension of his driving privileges. *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Rutkowski,* 46 Pa.Commw. 64, 406 A.2d 248 (1979) (in case construing Pennsylvania statute, held, that delay of more than one year between conviction of driving under the influence of intoxicating liquor and suspension of license, constituted sufficient prejudice to render suspension improper).

of the record. We review only those questions of law which appear in the petition, and the grounds for reversal must appear on the face of the record. We do not weigh the evidence but merely search for any legally competent evidence which supports the decision under review. *Berberian v. Department of Employment Security, Board of Review,* 414 A.2d 480, 482 (R.I. 1980). Applying the standard set forth in *Berberian* we find that the record contains ample evidence to support the judgment of the District Court.

### I

As a threshold matter, petitioner and respondent contest the question of what is the applicable statute governing the suspension of a resident's driver's license because of a conviction of an offense in another state where said offense would be grounds for suspension or revocation in this state. The registry initially predicated its suspension of Taft's driving privileges upon G.L. 1956 (1982 Reenactment) § 31–11–7(a)(7), as amended by P.L. 1984, ch. 196, § 3, which provides:

"The registry is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

\* \* \* \* \* \*

(7) Has committed an offense in another state which if committed in this state would be grounds for suspension or revocation or \* \* \*.'"

2. General Laws 1956 (1982 Reenactment) § 31–11–3 provides:
  "*Resident's conviction in another state.*— The registry is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

3. Section 31–11–7(b), as amended by P.L. 1984, ch. 196, § 3 provides:
  "Upon suspending the license of any person as hereinbefore in this section authorized, the

The registry's Memorandum of Law, filed with the District Court on January 6, 1986, contained no reference to § 31–11–3,[2] or any other statutory provision, for that matter. Before this court petitioner would predicate liability upon § 31–11–3. In contrast, respondent would have the registry predicate liability upon § 31–11–7 for the obvious reason that section (b) of § 31–11–7 [3] requires the registry to afford a licensee an opportunity for a hearing within a period not to exceed twenty days after receipt of such request. As noted earlier, the registry declined respondent's request in contravention of that statute's clear mandate.

This court has previously held that § 31–11–3 constitutes a proper basis for a suspension of a resident licensee's driving privileges when said resident was convicted in another state of an offense which would be grounds for suspension of driving privileges if committed in Rhode Island. *Beaudoin v. Petit,* 122 R.I. 469, 409 A.2d 536 (1979). In *Beaudoin* the licensee was afforded the opportunity of some form of hearing. Thus, even if we were to find that petitioner preserved for review the question whether § 31–11–3 constitutes the proper basis for the suspension of respondent's driving privileges, said holding is by no means dispositive of the question whether a hearing is required.

In harmonizing §§ 31–11–3 and 31–11–7 we note that both provisions were enacted and later modified as part of one comprehensive statutory scheme. We must therefore assume that the Legisla-

registry shall immediately notify the licensee in writing, and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed twenty (20) days after receipt of such request. Upon such hearing the registrar or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require a reexamination of the licensee. Upon such hearing the registry shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of such license or revoke such license."

ture intended that two statutes relating to the same subject matter be construed together to be consistent and to effectuate the policy of the law. *Rhode Island State Police Lodge No. 25 v. State*, 485 A.2d 1245, 1247 (R.I.1984). Both §§ 31–11–3 and 31–11–7 begin with the language "The registry is * * * *authorized* to suspend" the driver's license. (Emphasis added.) The aforesaid language bespeaks an exercise of discretion. Neither statute *directs* the registry to suspend the licensee's driving privileges. Section 31–11–7 sets forth the requirement that a licensee be afforded a hearing when his or her driving privileges are suspended for, inter alia, committing an offense in another state which if committed in this state would be grounds for suspension or revocation. Although § 31–11–3 authorizes suspension or revocation based upon conviction for an out-of-state offense and § 31–11–7 authorizes suspension or revocation based on the commission of such an offense, both statutes delegate discretion to the registry, to be exercised after the licensee is afforded a proper hearing, the scope of which is described in Part II of this opinion, *infra.* To hold otherwise would render the language incorporated by the Legislature nugatory. *Exeter-West Greenwich Regional School District v. Exeter-West Greenwich Teachers' Association*, 489 A.2d 1010, 1019 (R.I. 1985).

## II

The respondent, in the brief submitted to this court relative to the instant proceedings, concedes that he admitted to facts sufficient to sustain convictions for the crimes for which he was cited. One of those offenses was driving under the influence of liquor, an offense for which revocation of a driver's license is mandatory. Section 31–11–6. Clearly, both §§ 31–11–3 and 31–11–7 *authorize* the revocation of respondent's license to drive under such circumstances. Earlier in this opinion we took judicial notice of the fact that respondent's plea before the Massachusetts trial court was the functional equivalent of a

plea of nolo contendere, interposed before a trial justice. In so pleading respondent waived his right to a hearing on the subject of his guilt and accepted the disposition of the tribunal as binding on that subject. *State v. Feng*, 421 A.2d 1258 (R.I. 1980) (plea of nolo contendere to charged offense operates as waiver of defendant's right to appeal from his conviction of that offense). Thus, we hold that under §§ 31–11–3 and 31–11–7(a)(7), while a licensee is to be afforded a postsuspension hearing within twenty days of receipt by the registry of the request therefor, the purpose of said hearing is not to revisit the subject of the licensee's guilt, which question was previously and finally resolved by another tribunal. Instead, the hearing is to focus exclusively upon whether such suspension is necessary in order to protect public safety and welfare, relying upon its findings of the circumstances under which the offense was committed, the likelihood of recurrence and the deterrent effect that might reasonably be expected therefrom. Section 31–11–7(a)(7). Nothing in this opinion is to be construed as limiting the adjudicative officer's discretion to suspend or revoke the license of an operator or chauffeur where the administrative tribunal deems it appropriate. The adjudicative officer is merely required to afford the licensee the opportunity to offer evidence of mitigating circumstances and hardship entailed by the suspension or revocation, and give due consideration to such factors before rendering his decision.

## III

The District Court awarded respondent reasonable litigation expenses, including attorney's fees, pursuant to G.L. 1956 (1984 Reenactment) chapter 92 of title 42, as enacted by P.L. 1985, ch. 215, § 1, entitled Equal Access to Justice for Small Businesses and Individuals (Equal Justice Act or the act). We affirm the award and further direct the District Court to allow respondent reasonable litigation expenses [4] includ-

**4.** General Laws 1956 (1984 Reenactment) § 42–92–2(c), as enacted by P.L. 1985, ch. 215, § 1, provides:

" 'Reasonable litigation expenses' means those expenses which were reasonably incurred by a party in adjudicatory proceedings,

ing attorney's fees, as defined in § 42–92–2(c), for the additional expenses necessarily incurred by respondent as a result of these proceedings.

■■■ The Equal Justice Act was propounded to mitigate the burden placed upon individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings,[5] as defined in the act. Section 42–92–3 [6] provides in specified circumstances for an award by the adjudicative officer of reasonable litigation expenses incurred in an adjudicatory proceeding.[7] Such expenses will not be awarded to the prevailing party if, inter alia, the adjudicative officer finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. *See* § 42–92–2(f).[8]

The record indicates that respondent was not afforded a hearing before an adjudicative officer and filed an appeal pursuant to chapter 35 of title 42. We note that at the time respondent requested the District Court to grant reasonable litigation expenses, the registry had not yet promulgated uniform procedures for the submission and consideration of applications for such an award. Section 42–92–4. Thus it was impossible for respondent to comply literally with § 42–92–5, the provision governing appeals from a denial by an adjudicatory officer of an application for an award. In such circumstances literal compliance with nonexistent regulations was not feasible and, having determined an award to be appropriate, *see infra*, the District Court properly awarded reasonable litigation expenses.

The trial justice found that the registry, without substantial justification, deprived respondent licensee of the right to a hearing, which hearing the Legislature intended such a person to have when his or her license is suspended ex-parte. We agree. This court has never before had occasion to consider the circumstances in which the adjudicative actions of an agency were "substantially justified." Federal courts

---

including, but not limited to, *attorney's fees*, witness fees of all necessary witnesses, *and other such costs and expenses* as were reasonably incurred, except that:

(1) The award of attorney's fees may not exceed seventy-five dollars ($75.00) per hour;

(2) No expert witness may be compensated at a rate in excess of the highest rate or compensation for experts paid by this state." (Emphasis added.)

**5.** Section § 42–92–2(d) provides:

" 'Adjudicatory proceedings' means any proceeding conducted by or on behalf of the state of Rhode Island administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, *the suspension or revocation of a license*, permit, or which may result in the compulsion *or restriction of the activities of a party.* Any agency charged by statute with investigating complaints shall be deemed to have substantial justification for said investigation and for the proceedings subsequent to said investigation." (Emphasis added.)

**6.** Section 42–92–3, as enacted by P.L. 1985, ch. 215 § 1 provides:

"Award of reasonable litigation expenses.— Whenever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicative officer shall award to a prevailing party reasonable litigation expenses incurred by the party in connection with that proceeding. The adjudicative officer will not award

fees or expenses if he finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. The adjudicative officer may, at his discretion, deny fees or expenses if special circumstances make an award unjust. The award shall be made at the conclusion of any adjudicatory proceeding, including, but not limited to, conclusions by a decision, an informal disposition, or termination of the proceeding by the agency. The decision of the adjudicative officer under this chapter shall be made a part of the record and shall include written findings and conclusions. No other agency official may review the award.

If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter."

**7.** Section 42–92–2(e) provides:

" 'Adjudicative officer' means the deciding official, without regard to whether the official is designated as an administrative law judge, or hearing officer or examiner, or otherwise, who presided at the adversary adjudication."

**8.** Section § 42–92–2(f) provides:

" 'Substantial justification' means that the initial position of the agency, as well as the agency's position in the proceedings, has a reasonable basis in law and fact."

have addressed this issue in interpreting the Federal Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) (West 1978). In *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir. 1986), the court held that in meeting the substantial justification test "the Government now must show not merely that its position was marginally reasonable; its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct." We adopt the standard of interpretation of the term "substantial justification" articulated by the Eighth Circuit in *1,378.65 Acres of Land.* We hold that the position of the registry, with respect to its denial to the respondent of his right to a hearing in accordance with the dictates of § 31–11–7 was not well founded in law. Because we find that the registry's initial position had no reasonable basis in law, we do not consider whether said position was reasonable in fact. Section 42–92–2(f). Thus we allow reasonable litigation expenses pursuant to § 42–92–3 for expenses incurred in the prior adjudicatory proceedings, the District Court proceedings, and the proceedings before this court.

Accordingly the petition for certiorari is denied, and the judgment of the District Court is affirmed. This matter is remanded to the District Court, which is directed to remit said matter to the Registry of Motor Vehicles for further adjudicatory proceedings in accordance with this opinion. The District Court is further directed to award the respondent, Michael Taft, reasonable litigation expenses for expenses incurred in proceedings before this court.