[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the court is this appeal from a decision of the Rhode Island Board of Accountancy. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1987 Reenactment) § 5-3-14(j) and R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
At its public meeting of April 24, 1990, the Rhode Island Board of Accountancy (hereinafter the "Board") denied the application of Patrick Burns (hereinafter the "plaintiff") for certification as a Public Accountant. The plaintiff here requests that this court reverse the decision of the Board and direct the Board to issue him a certificate of Certified Public Accountant. Additionally, the plaintiff seeks reasonable litigation expenses, including attorneys' fees, pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-92-1 et seq.
The plaintiff's educational and background experience are as follows. The plaintiff received a Bachelor of Science Degree in Accounting from Bryant College in 1984. From February to November of 1984, plaintiff worked as a Fund Accountant in the Trust Department of State Street Bank of Boston, Massachusetts. As a Fund Accountant, the plaintiff performed accounting work for various clients. This work included the recording of daily financial transactions and the periodic preparation of financial statements. From November of 1984 to August of 1985, the plaintiff served as a staff member with Robert Half, a Rhode Island firm providing accounting services to various clients. Then from October of 1985 to September of 1986, the plaintiff worked full-time as a GS-07 Staff Auditor for the Inspector General's Office in the Department of Housing and Urban Development. As Staff Auditor, the plaintiff's duties involved planning and conducting financial audits and preparing audit reports based on his findings. (Stipulated Record (hereinafter "Record") at 5). From October 1986 to January 1987, the plaintiff next served as Staff Accountant with James Goldman, C.P.A., a Rhode Island public accounting firm. The plaintiff's responsibilities here included summarizing financial transactions, preparing financial reports, and preparing individual and corporate tax returns.
After working as a Payroll Accountant for Forte Bros. Construction Company from February to October of 1989, the plaintiff began part-time work for Capital Investors, Ltd., a financial consulting firm and for which he continues to work at the present. At Capital Investors, Ltd., the plaintiff's duties include preparing tax returns, personal financial statements, and other reports of financial condition, in addition to providing consulting service to clients. (Record at 4). Presently, the plaintiff is also working as an Agent for the Internal Revenue Service, where his duties since October of 1987 have consisted of reviewing income and payroll tax returns, computing taxes, and preparing financial statements and related reports.
On March 14, 1989, the plaintiff filed his application for certification as a Public Accountant with the defendant Board. Subsequently, he took and successfully passed all parts of the uniform C.P.A. exam. Additionally in March of 1990, the plaintiff took and passed the ethics examination also required for certification.
By letter of May 4, 1990, the Board informed the plaintiff that at its public meeting of April 24, 1990, it denied his application for certification ". . . based upon your failure to provide documentation of two years' public accounting experience, as that term is defined by the Board of Accountancy." (Record at 17). In response, the plaintiff has filed the instant appeal.
Specifically, pursuant to § 5-3-14(j) of the Public Accounting Act, this Superior Court possesses appellate jurisdiction to review the decision of the Board. Section § 5-3 — 14(j) provides in pertinent part that "anyone adversely affected by any order of the board may appeal the order by filing an appeal with the superior court within thirty (30) days after the entry of the order. . . ." Additionally and generally, pursuant to the § 42-35-15, the Superior Court possesses appellate jurisdiction to review decisions of various state administrative agencies. Section 43-35-15 provides in pertinent part:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Essentially, when reviewing an agency decision, the court must not substitute its judgment for that of the agency in regard to the credibility of the witnesses or weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307 (R.I. 1988). Even in cases where the court after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency (Cahoone v. Board of Review, 104 R.I. 503, 506, 246 A.2d 213
(1968)), it must uphold the agency decision if it finds any competent evidence upon which the agency decision rests. E.Grossman and Sons, Inc. v. Rocha, 118 R.I. 276, 373 A.2d 496, (1977). Alternatively, the court may vacate the agency decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Thus the court will reverse factual findings of an administrative agency only when they are devoid of competent evidentiary support.Milardo v. Coastal Resources Management Council, 434 A.2d 266, 270 (R.I. 1981).
At issue before this court is the two year "public accounting experience" requirement necessary for certification of a Public Accountant and which the Board in its letter of May 4, 1990 stated was absent from the plaintiff's credentials. The plaintiff had satisfied all the other criteria for certification as mandated by § 5-3-5 with the exception of 5-3-5(5) which requires ". . . two (2) years' public accounting experience; or who shall have one (1) years' public accounting, business administration or other related curriculi from a college or university recognized by the board . . .". The term, "public accounting experiences," contained in § 5-3-5(5) is not defined therein. However, the term, "Practice of public accounting or practicing public accounting," is defined in § 5-3-3(f) as follows:
 The performance or the offering to perform, in an independent posture, for a client or potential client, of one (1) or more kinds of services involving the use of accounting or auditing skills, including the issuance of reports on financial statements, or of one (1) or more kinds of management advisory or consulting services, or the preparation of tax returns or the furnishing of advice on tax matters.
Although § 5-3-4(f)(3) empowers the Board to prescribe such "rules and regulations governing educational and experience requirements for issuance of the certificate of certified public accountant," the Board has failed to promulgate any formal rules and regulations on the "public accounting experience" requirement of § 5-3-5(5) necessary for such certification. What the Board has instead chosen to do is interpret the presently controversial statutory term of "public accounting experience" using the statutory definition of "Practice of public accounting or practicing public accounting" provided in § 5-3-3(f).
This court is mindful that the ". . . deference due to an agency interpretation of its governing statute and regulations is far from blind allegiance." Citizens Saving Bank v. Bell, 605 F. Supp. 1033, 1042 (1985). Two judicial opinions from reviewing courts have already disagreed with the Board's assessment of other applicants' work experience as not constituting the "public accounting experience" required by § 5-3-5(5). In the case,Black v. Rhode Island Board of Accountancy, et al, C.A.89-2753, Gibney, J., the Superior Court reversed the decision of the Board denying an applicant's certification after finding that the Board had erroneously relied on § 5-3-3(f) in interpreting § 5-3-5(5). The court here held that "the practice of public accounting," as defined in § 5-3-3-(f) has no relevance to "public accounting experience," as mandated by § 5-3-5(5). (Decision at 6). On December 21, 1989, the Supreme Court denied certiorari in the case of Black v. Rhode Island Board ofAccountancy, C.A. 89-582, concerning the judicial interpretation of this "public accounting experience" requirement. A later judicial opinion concerning the Board's interpretation of § 5-3-5(5) is expressed in Ferreira v. RhodeIsland Board of Accountancy and James E. O'Neil, C.A. 90-3405,Bourcier J. In this case, the Superior Court again reversed a decision by the Board denying certification to an applicant whose "public accounting experience" as required by § 5-3-5(5) failed to satisfy the statutory definition as further defined by §5-3-3(f). In this case the court found the applicant did have ". . . the equivalent of the two years' public accounting experience" (Decision at p. 7). The court further held that the controlling feature of the Board's evaluation of the plaintiff's entitlement to certification should not be the ". . . source of that experience, in the absence of noncompliance with a valid Board Regulation." but rather the quality of that experience — namely applicant's ". . . proven and uncontradicted ability to meet the exacting work requirements of a Certified Public Accountant." (Decision at 8). Ironically, the court concluded that the language of § 5-3-3(f) — "offering to perform in an independent posture for a client or potential client" (Emphasis added.) — can also mean that an applicant who had offered but never actually performed, thus having no experience, could satisfy the "public experience requirement" for certification.
The "Public Accountancy Act of 1984" regulates the practice of public accounting. The policy and purpose of this act, as stated in § 5-3-2(c), provides in pertinent part that there be
. . . a public authority competent to prescribe and assess the qualifications of public accountants; (d) To ensure that those persons (1) auditing or examining financial statements and issuing a report expressing or disclaiming an opinion on a financial statement; . . . .
The primary purpose of this statute is ". . . [t]o protect the public interest by requiring that persons engaged in the practice of public accounting be qualified; . . . ." § 5-3-2(c). Nevertheless, this court finds that the Board has neglected to prescribe rules or regulations for the term "public accounting experience" or "practice of public accounting or practicing public accounting" on which it relies. Instead, the Board has chosen to measure an applicant's experience against its interpretation of § 5-3-5(5) and § 5-3-3(f). As the "public accounting experience" required for certification is not defined in § 5-3-5(5) or elsewhere by § 5-3-3(f), entitled "practice of public accounting or practicing public accounting," this court presumes that these sections comply with that legislative intent expressed in § 5-3-2(b) ". . . [t]o protect the public interest by requiring that persons engaged in the practice of public accounting be qualified; . . .". Additionally, as § 5-3-5 (5), on which the Board relies, permits the substitution of one year of public accounting experience with a "master's or doctorate degree in accounting, business administration or other related curriculi from a college or university . . ." it is clear from the present statute that the quality rather than the source of the applicant's experience should be the focal point for the Board.
This court is satisfied that the Board had before it ample evidence of the plaintiff's fulfillment of the two year "public accounting experience" requirement necessary for his certification. Before the Board was the plaintiff's three month employment as a Staff Accountant with James Goldman, C.P.A. Also, before the Board, were the plaintiff's 1985 to the present work duties for Capital Investors, as well as a letter from the company's Vice-president stating that "[i]n fulfilling his responsibilities, it is required that Mr. Burns use his accounting skills and have knowledge of auditing techniques. It is also required that he maintain an independent posture with his clients." (Record at 4). Also presented to the Board was the plaintiff's work from 1987 to the present as an Agent for the IRS, accompanied by a letter from IRS Group Manager, Dan Niro, stating that in all of his duties, "Mr. Burns has had to maintain an independent posture, have a thorough knowledge of GAAP, accounting practice and theory, auditing techniques, and business law." (Record at 5). Additionally, presented for the Board's consideration was the plaintiff's year of accounting work for the Inspector General and for whom "Mr. Burns duties required the knowledge and use of generally accepted accounting principles and audit standards." (Record at 6). Clearly, the plaintiff has demonstrated to the Board that he has satisfied the two year "public accounting experience" required by it for certification.
The record before this court demonstrates that the plaintiff possesses the required ability and experience required for certification and thus, that the Board's decision denying him this certification was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record and was affected by error of law. Accordingly, the decision denying the plaintiff certification is reversed, the plaintiff's appeal is hereby granted, and the matter is remanded to the Board with direction to grant the plaintiff's application for certification as a Certified Public Accountant.
The plaintiff additionally argues that § 5-3-5(a) is so vague as to deny him due process under the Fourteenth Amendment to the Constitution. This court finds that the plaintiff has not here shown that the Public Accounting Act of 1984, § 5-3-1 et seq., in its entirety, is unconstitutional. This court must here consider the statute in its entirety rather than each section as an independent entity. Stone v. Goulet, 522 A.2d 216 (R.I. 1987). This court does not find that through his attack of §5-3-5(a)(5), the plaintiff has demonstrated that § 5-3-1, et. seq. is so vague as to violate plaintiff's due process. Moreover, unlike a statutory subsection which was found unconstitutionally vague because it failed to set forth any standard for determination of revocation of a driver's license, Fitzpatrickv. Pare, 568 A.2d 1012, 1013 (R.I. 1990), § 5-3-5(a)(5) as contained in 5-3-1 et seq. does provide some guidance with respect to the certification requirement of "public accounting experience." Accordingly, the plaintiff's overly broad claim to consider the constitutionality of the Public Accountancy Act of 1984 is denied.
The plaintiff has also requested reasonable costs and attorneys' fees pursuant to § 49-92-1 et seq. This court does find that the hearing before the Board constitutes the "adjudicatory proceeding" defined in 42-92-2(d) (namely, one which has resulted in the ". . . restriction of the activities of a party.") and mandated by § 42-92-3. Furthermore, pursuant to §42-92-3, expenses will not be awarded to the prevailing party if the agency was substantially justified in its actions both leading to and in the proceeding. In Taft v. Pare, 536 A.2d 888
(R.I. 1988), the Supreme Court officially adopted the standard of interpretation for the term "substantial justification" as articulated by the Eighth Circuit in United States v. 1,378.65Acres of Land, 794 F.2d 1313, 1318 (8th Cir. 1986): the agency must show "`not merely that its position was marginally reasonable; it's position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct.'"Taft, 536 A.2d at 893. This court does not find the position of the Board to be clearly reasonable in law and fact. Accordingly, the plaintiff's request for reasonable costs and attorneys' fees pursuant generally to § 42-92-3 and specifically to §42-92-2(c)(1) and (2) is granted.
Regarding all of the foregoing, counsel shall prepare the appropriate judgment for entry.