DECISION
This is an appeal by June Francisco (the appellant) from a decision of an appeals officer of the Rhode Island Department of Human Services (DHS) denying her application for Medical Assistance (MA). The appellant seeks reversal of the November 16, 1994 DHS decision and an award of attorney's fees and costs. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
Facts/Travel
On May 31, 1994, the appellant filed an application for Medical Assistance benefits so that she could meet the medical expenses incurred by her late husband during the time period of February and March 1994. (10/12/94 Record at 6). On August 9, 1994, DHS issued a Letter of Denial, informing the applicant that she was ineligible for MA benefits for the following reasons:
 (1) Her assets, specifically real property located at 313 Putnam Pike in Smithfield, Rhode Island, were in excess of the $6,000 limit set forth in the DHS Policy Manual § 301.3;
 (2) The applicant did not provide verification of financial resources, i.e., the deed to the property at 313 Putnam Pike, as required by § 354.05 of the DHS Policy Manual. See August 9, 1994 Letter of Denial.
Consequently, the applicant filed a timely administrative appeal and requested an administrative hearing. See Exhibit 1, Request for a Hearing.
A properly noticed hearing was held on October 12, 1994. At that time, the applicant and her attorney explained that the property located at 313 Putnam Pike had passed to the applicant and her brother, Charles Kramer, after the death of their father. (10/12/94 Record at 4). The applicant also submitted a written document from Charles Kramer stating that he did not want to sell the property at issue. See Exhibit 7. On November 16, 1994, a DHS appeals officer, in a written Administrative Hearing Decision sustained the decision of DHS in part and in part reversed the DHS decision. See November 16, 1994 decision at 18. Nevertheless, the result was that the DHS denial of MA benefits was upheld because the undisputed property value of the real estate located at 313 Putnam Pike in Smithfield, Rhode Island exceeded $6,000.Id.
The appellant filed a timely appeal to this Court arguing that the value of the real estate located at 313 Putnam Pike was erroneously included in the calculation of resources allocated to the appellant and, as a result, the November 16, 1994 decision should be reversed.
Standard of Review
The Court's review of a decision of the Department of Human Services is controlled by G.L § 42-35-15 (g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflict of Interest Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence.Rhode Island Public Telecommunications Authority, et al. v. RhodeIsland Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
The Department of Human Services
The Rhode Island Department of Human Services is an agency within the Executive Branch of State Government. G.L. 1956 §42-12-1, et. seq. Pursuant to its statutory mandate, DHS is responsible for the management, supervision and control of various social service programs. Specifically, DHS is responsible for the management of state and federally funded public financial assistance programs. G.L. 1956 § 42-12-4.
General Laws 1956 § 40-8-1(c) provides in pertinent part as follows:
 "[It is] the policy of the state to provide medical assistance for those persons in this state who posses the characteristics of persons receiving public assistance under the provisions of § 40-6-4 and 40-6-7, and who do not have the income and resources to provide it for themselves or who can do so only at great financial sacrifice.
 "Provided further that medical assistance must qualify for federal financial participation pursuant to the provisions of Title XIX of the federal Social Security Act [42 U.S.C. § 1396 et seq.] as such provisions apply to medically needy only applicants and recipients."
DHS is responsible for administering the Medical Assistance Program within the standards of eligibility, as enumerated in G.L. 1956 § 40-8-3. For all eligible individuals, DHS must pay benefits pursuant to regulations it must develop and have approved by the federal government, as comporting with federal requirements in order to receive federal funding.
Title XIX of the federal Social Security Act sets forth the provisions of the medical assistance program. 4 U.S.C. § 1396 etseq. "The purpose of the Medicaid program is to furnish medical assistance to disabled individuals who are without funding to meet the necessary medical costs." Social Security Act § 1910, as amended 42 U.S.C. § 1936. The Medicaid Program contains several categories of potential recipients. Hale v.State, 433 A.2d 374, 376 (Me. 1981). The first category is classified as "categorically needy" and the second as "medically needy." Id. The former provides medical assistance to individuals receiving public assistance under either the Supplemental Security Income ("SSI") program or the Aid to Families with Dependent Children ("AFDC") Program. Id. The latter provides Medicaid to people whose financial situation exceeds the requirements of the SSI or AFDC programs but who have "insufficient . . . income and resources to meet the costs of necessary medical and remedial care." 42 U.S.C. § 1396
(a)(10)(C)(i).
The state and federal government have the ability to create laws and regulations under the authority of Title XIX of the Social Security Act and G.L. 40-8 et seq. with regard to the eligibility criteria for this needs based program. In the creation of the Medicaid eligibility criteria, the state is obligated to follow the methodology determinations of the Supplemental Security Income ("SSI") program. See, 42 U.S.C. § 1396et seq.; and Social Security Act § 1902 (R)(2)(a). Title XIX requires that the state establish a State Plan to be approved by the United States Department of Health and Human Services ("HHS"), in order for the state to qualify for federal funding.Hale v. State, supra; See, R.I.G.L. § 40-8-1(c) and 40-8-5.
Determination of Eligibility
In the instant action the appellant contends that the DHS erroneously included the value of the real estate located at 313 Putnam Pike in Smithfield, Rhode Island, in the calculation of resources available to the appellant. The appellant avers that the property in question is not available to her because her brother, the co-owner of the property, does not want the property sold.
The DHS Policy Manual sets out the procedure for determining an individual's eligibility for MA benefits. The DHS Policy Manual at § 0324 sets an eligibility limit of $6,000 for an individual's available resources. According to § 0366, Appendix B of the DHS Policy Manual a "resource" is defined as follows:
 "RESOURCE. A resource is either real or personal property.
 "1. Real property is land and generally whatever is erected or growing upon or fixed to land and includes any interest in land. Examples of real property and interest therein include a lot with or without a house, a life estate, a remainder estate, mineral rights, easements, leaseholds, etc.
 "2. Personal property in a broad sense is everything that is subject to ownership that is not real property . . ."
Whether a resource is available is determined by applying § 0324 of the DHS Policy Manual which states:
 "In order to be countable in the determination of Medical Assistance eligibility, a resource must be available to the client. The client must be able to use the resource to provide food, shelter, clothing, or convert it into a form in which it can be used to meet needs.
 "1. A resource is considered to be available both when actually available, and when the client has the legal ability to make such sum available for support and maintenance.
 "2. Resources are not available when a legal impediment exists which precludes the client from making the resource available for support, maintenance or medical care."
It is a well-recognized doctrine that deference is accorded to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency.Pawtucket Power Associates Limited Partnership, et al. v. City ofPawtucket, et al., 622 A.2d 452, at 456 (R.I. 1993). (Citations omitted.) Furthermore, deference is accorded even when the agency interpretation is not the only permissible interpretation that could be applied. Id. The record indicates that the parties stipulated that the value of the property at 313 Putnam Pike is $50,940. Relying upon G.L. 1956 § 34-3-2, the hearing officer concluded that the appellant and her brother each owned an undivided one-half interest in said property because they were tenants in common. See November 16, 1994 Decision at 17. Additionally, the hearing officer found that § 0324 (III)(A)(2)(a) of the DHS Policy Manual adequately reflects the legal rights of the holder of an interest in real property under a tenancy in common to convey away that interest regardless of the objection(s) of the other common tenants. Id. at 18. Thus, the hearing officer concluded that since the appellant is not barred by any legal impediment from negotiating the sale of her undivided one-half interest in that property, she is the holder of an asset with a value greater than $6,000.
A review of the record indicates that there was no error in the calculation of resources available to the appellant, that said calculation was in compliance with the DHS Policy Manual, and that DHS properly concluded that the appellant was ineligible to receive MA benefits.
Upon a review of the entire record, this Court finds that the November 16, 1994 DHS decision denying the appellant's application for MA benefits was not in excess of the statutory authority of the agency or made upon unlawful procedure, and was not clearly erroneous in view of the substantial evidence of record. Substantial rights of the appellant have not been prejudiced. Accordingly, the appeal is denied, and the decision of the Department of Human Services is affirmed.
Attorney's Fees
Additionally, the plaintiff requests attorney's fees pursuant to the Equal Access to Justice Act, G.L. 1956 (1993 Reenactment) § 42-92-1, et seq. The plaintiff is entitled to recover reasonable attorney's fees if deemed to be the prevailing party, unless the position of the agency is substantially justified. General Laws 1956 § 42-92-3. In meeting the substantial justification test, the agency has the burden to show that its position was at least clearly reasonable, well-founded in law and fact, solid though not necessarily correct. Taft v. Pare,536 A.2d 888 (R.I. 1988).
This Court finds that the Department of Human Services' decision to deny MA benefits to the appellant is clearly reasonable and well-founded in law and fact. As this Court finds that the Department of Human Services is the prevailing party in this case, the plaintiff's request for attorney's fees is denied.
With respect to all of the above, counsel shall prepare the appropriate judgment for entry.