DECISION
This matter is before the Court for decision on the Plaintiffs' Motion to Recover "Reasonable Litigation Expenses" pursuant to the Equal Access to Justice Act (the "Act") codified at G.L. 1956 § 42-92-1 et. seq.
 Facts Travel
The within action originated as Plaintiffs' request, in pertinent part, for a declaration from this Court that the building permit issued by Tiverton's Building Official, Gareth Eames, "represented an unlawful expansion and/or intensification of [the] legal, non-conforming use" of the edifice housing the Tiverton Yacht Club, which was destroyed by fire in June 2003. (Pls.' Mem. at 1.) This Court, following a bench trial conducted on May 8, 9, 15, and 18, 2007, previously ruled in favor of Plaintiffs and determined that the issuance of the building permit *Page 2 
was impermissible. See Campbell v. Tiverton ZoningBoard, No. NC07-0161, 2007 WL 2692030 (R.I. Super. Ct. Aug. 28, 2007). Plaintiffs contend that the permit which was issued on December 6, 2006, was "clearly illegal" and without "substantial justification" because the "areas of expansion and/or intensification were easily discoverable" in four distinct ways: (1) the size of the clubhouse; (2) the ISDS capacity; (3) the addition of a parking area; and (4) intention to go from a seasonal use to year-round use. (Pls.' Mem. at 2.) Plaintiffs further assert that the Building Official's erroneous grant of the permit, which also inculpates the town, was amplified by his defense of same during the trial. Plaintiffs argue that the issuance of the permit, and defense thereof, lacked "substantial justification," entitling them to relief under the Act in the form of reasonable litigation expenses.
Defendants Tiverton Zoning Board and Gareth Eames, in his capacity as the Tiverton Building Official, object to Plaintiffs' request for fees under the Act on three grounds: (1) the Plaintiffs failed to assert a claim under the Act in their complaint; (2) the Plaintiffs failed to name the Town of Tiverton in their complaint and did not make a presentment of their claim under the Act to the Town, as required by G.L. 1956 § 45-15-5; and (3) the Plaintiffs are not eligible for relief because they filed a direct suit in equity seeking a declaratory judgment regarding the Building Official's issuance of the permit, rather than appealing a decision of the Tiverton Zoning Board or other agency of the municipality, as required by the Act. (Defs.' Mem. at 1-2.) *Page 3 
 Law Analysis
The Equal Access to Justice Act "was propounded to mitigate the burden placed on individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings." Taft v. Pare,536 A.2d 888, 892 (R.I. 1988). The term "agency" under the Act includes "any state and/or municipal board, commission, council, department, or officer, other than the legislature orcourts" who are authorized by law "to make rules or to determine contested cases, to bring any action at law or in equity . . . or to initiate criminal proceedings." Section 42-92-2(3) (emphasis added). Likewise, the term "adjudicatory proceedings" is defined as
 any proceeding conducted by or on behalf of the state [or municipality] administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, the denial, suspension, or revocation of a license or permit, or which may result in the compulsion or restriction of the activities of a party. Section 42-92-2(2).
Under the Act, an award of reasonable litigation expenses will be conferred upon a prevailing party if the court finds that the agency was not substantially justified in its actions leading to the proceedings and during the proceeding itself.See Section 42-92-3; Taft, 536 A.2d at 892. The stated purpose of the Act is to "encourage individuals and small businesses to contest unjust actions by the state and/or municipal agencies." Section 42-92-1(b). It is for this reason that the legislature deemed that the "financial burden borne" by the prevailing party should be shifted to the offending agency.Id.
Initially, it must be determined whether the Building Official is an "agency" under the Act. Although he may be considered an "officer" of the municipality, his lack of authority to make rules and determine contested cases precludes him from being an "agency" per § 42-92-2(3). *Page 4 
Assuming arguendo, that the Building Official is an "agency" under the Act (which this Court declines to find), it must additionally be proven that the Building Official conducted an "adjudicatory proceeding" pursuant to the Act's definition.See Section 42-92-2(2). Here, the Building Official issued a building permit to the Tiverton Yacht Club. While the "denial, suspension, or revocation of a license or permit" is an adjudicatory proceeding under the Act, the issuance of a permit, as a matter of law, is not such a proceeding.See Section 42-92-2(2). The issuance of a permit does not "result in the loss of benefits" or "the imposition of a fine" or "result[s] in the compulsion or restriction of activities of a party," viz., these Plaintiffs. See id. In the instant case, the issuance of a building permit affects the rights of the party seeking the permit. If the Building Official had denied the Tiverton Yacht Club a building permit, such denial would be an adjudicatory proceeding with regard to it, not the Plaintiffs. Consequently, the Building Official did not conduct an adjudicatory proceeding as defined under the Act.
 Conclusion
As noted earlier, Plaintiffs sought declaratory relief in this Court. This action is not an appeal from any adjudicatory proceeding of a municipal agency under the Act, from which this Court could grant relief. See Section 42-92-3(b) ("If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the [Act]"). In the absence of such an adjudicatory proceeding, this Court finds inapplicable the provisions for an award of reasonable litigation expenses as provided in § 42-92-3. See Merolla v. City of Providence, No. PC03-5440, 2004 WL 2075573, at *5 n. 5 (R.I. Super. Ct. Aug. 11, 2004) (where plaintiff sought declaratory and injunctive relief in Superior Court against the Employees' Retirement Board of Rhode Island and sought reasonable litigation expenses under the Equal Access to Justice Act, the Superior Court found the Act inapplicable *Page 5 
since there was no adjudicatory proceeding before the agency). Accordingly, Plaintiffs' motion for reasonable litigation expenses under the Equal Access to Justice Act is denied.[1]
Counsel shall prepare an order in conformance with this Decision.
[1] This Court notes, en passant, that Plaintiffs neither asserted a claim under the Act in their Complaint, nor presented their claim for litigation expenses to the town of Tiverton in compliance with § 45-15-5. See Shackleton v. Coffee `anService, Inc., 657 A.2d 544, 545 (R.I. 1995) (where plaintiffs who did not ask for legal fees in their complaint against a city in a case involving a faulty tax sale, the Rhode Island Supreme Court held that any monetary claim against a municipality, including legal fees, must be presented to the municipality in accordance with § 45-15-5).