[Civ. No. 13196.   Second Dist., Div. One.   Sept. 17, 1941.]

HELEN M. PETRY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Merritt D. Jergins and Simon Miller for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Arthur Redmond for Respondent.

WHITE, J.—By this proceeding petitioner seeks a writ of mandate to require the respondent court to hear and determine a contempt proceeding based upon the asserted failure of her former husband to make the monthly payments alleged to be due her under the provisions of a judgment of divorce.

In 1934 petitioner's husband, Frederick Petry, brought an action for divorce against her in the Superior Court of Los Angeles County. In June, 1935, after all pleadings had been filed, but before trial of the cause, the parties entered into a property settlement agreement, which provided that the husband pay to the wife the sum of $100 per month for six months and $90 per month thereafter until her death or remarriage, "in full settlement of all rights of alimony." Thereafter, by stipulation, the cause was tried as a default, petitioner herein offering no evidence in support of her an-

swer or cross-complaint, and a divorce was granted to the plaintiff. At the default hearing the plaintiff husband introduced the property settlement agreement in evidence and requested its incorporation in the judgment of divorce. A copy of the agreement was attached to the interlocutory judgment, which, in addition to granting a divorce, provided as follows:

"It is hereby specifically ordered and decreed that the property settlement agreement entered into by and between the parties hereto is hereby approved and made a part of this decree in all its terms, provisions and conditions.

"*It is further ordered that the plaintiff and defendant fully perform their respective rights and duties vested in and imposed upon them under and by virtue of the property settlement agreement* heretofore made on the 22nd day of June, 1935, which said property settlement agreement has been exhibited during the course of the hearing had in this matter, introduced into evidence, and incorporated into this order."

The final judgment of divorce contained the provision: "That wherein said interlocutory decree makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full, and that wherein the said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto."

At the hearing of the order to show cause *in re* contempt the trial court concluded that no order for payment of alimony, support or maintenance was made in either the interlocutory or final judgment, nor did the property settlement agreement provide for alimony or support; that therefore the court was without jurisdiction; and accordingly ordered that the husband be discharged.

Upon presentation of the foregoing facts by the petition of the wife, this court issued an alternative writ of mandate requiring the trial court to reinstate the contempt proceeding, determine whether the husband had willfully failed to pay petitioner the sum of $90 per month, and to enforce his obligation by punishment for contempt if in fact he had willfully failed to pay, or to show cause why it should not do so. By its answer to the petition respondent court denied that

the judgment contained any order for payment, and further alleged that on May 9, 1941, prior to the issuance of the order to show cause *in re* contempt, the petitioner herein commenced an action in the Superior Court of Los Angeles County praying, among other things, for a rescission of the property settlement and alleging that "plaintiff offers to and does, rescind said agreement."

The question whether a judgment of divorce contains, either expressly or by implication, an order for the payment of money under the terms of a property settlement has frequently come before the courts of this state. (See *Baxter* v. *Baxter,* 3 Cal. App. (2d) 676 [40 Pac. (2d) 536] ; *Miller* v. *Superior Court,* 9 Cal. (2d) 733 [72 Pac. (2d) 686], and cases therein cited.) The mere approval of a property settlement, with nothing further, is not such an order. (*Miller* v. *Superior Court, supra; Schnerr* v. *Schnerr,* 128 Cal. App. 363 [17 Pac. (2d) 749].) If an agreement is complete in itself, without reference to action by the court, and the plaintiff does not ask for a property settlement, the court does not, by merely approving the settlement, or even by incorporating it in the decree, order the performance of the contract. (*Andrews* v. *Superior Court,* 103 Cal. App. 360 [284 Pac. 494] ; *De Haven* v. *Superior Court,* 114 Cal. App. 253 [300 Pac. 95].) On the other hand, where a property settlement agreement contains a provision that it shall not go into effect until it is approved by the court, and is therefore rather in the nature of a stipulation of the parties than a final agreement, and the complaint in a divorce action contains the proper allegations and prayer looking toward the settlement of the property rights of the parties, an order of the court that the terms of the contract be carried out will be implied from the incorporation of the agreement in the decree, either bodily or by reference. (*Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 Pac. 252] ; *Ex parte Weiler,* 106 Cal. App. 485 [289 Pac. 645].)

It is urged by respondent that the case at bar does not fall within the latter category for the reason that the property settlement contained no provision that it should become part of a divorce decree and was not referred to in the pleadings. There are present here, however, other distinguishing facts which make it clear, in the opinion of this

court, that the parties intended to settle their property rights and invoke the power of the court to enforce them. The plaintiff's complaint in the divorce action alleged that there was community property belonging to the parties and prayed for an accounting and equitable division thereof, as well as for general relief, and the wife by her cross-complaint prayed that she be awarded the community property. During the pendency of this action the parties settled their conflicting demands by entering into the property settlement, whereby the husband agreed to make payments as specified "in full settlement of all rights of alimony" which the wife might have, and further providing that the wife "waives any and all claims for alimony, attorney's fees, costs of suit. . . . " Thereafter they entered into a written stipulation that the case might be tried as a default, the wife offering no evidence. Upon the trial the plaintiff husband requested the approval and incorporation in the decree of the property settlement, and the decree obtained by him expressly directed the parties to "fully perform their respective rights and duties" under the settlement.

A further and distinct ground for upholding petitioner's right to enforce payment by contempt proceedings in the instant case is that the language of the decree hereinabove quoted, "that the plaintiff and defendant fully perform their respective rights and duties vested in and imposed upon them under and by virtue of the property settlement," etc., constitutes an express order to the husband to make the payments according to the provisions contained in the settlement. The terms of the agreement being definite and certain, and the agreement being attached to the decree, made a part thereof, and clearly identified, there is no merit to respondent's contention that the order is too indefinite and uncertain to form a basis for a contempt proceeding. Respondent draws a parallel between the order here under consideration and that involved in the case of *Schnerr* v. *Schnerr, supra,* where the decree contained the language: " . . . and the property rights of the said parties established as in said agreement set forth." In that case it was held that the decree was wholly insufficient to support contempt proceedings because no duty whatever was imposed thereby upon the defendant. In the present case, however, the words of the decree constitute an express command, within the jurisdiction

of the court to give, and hence enforceable by contempt. (*Miller* v. *Superior Court, supra.*) The court did not, as respondent contends, "merely state the law"; it ordered the parties to perform the acts which by the agreement they had undertaken to perform, and which could be ascertained from an inspection of the decree of divorce.

Although it is unnecessary to consider the effect of petitioner's attempted rescission of the property settlement, since it was not brought to the attention of the trial court, who denied relief on the sole ground that there was no enforceable order, it may be noted that petitioner's complaint contained four causes of action for damages for breach, and one for rescission. A demurrer and a motion to require plaintiff to elect between damages and rescission were filed by the defendant. Although petitioner alleged in her complaint that she "offers to and does rescind," it is obvious that in this case the judgment of a court is required to effect a rescission. Although not admitted as a fact in the pleadings in this court, it appears from petitioner's final brief, and is not denied, that she has filed in her action an election to sue for damages. Such being the case, the point is moot.

It is ordered that a peremptory writ of mandate issue, commanding the Superior Court of Los Angeles County to reinstate said contempt proceeding for further hearing, and upon such hearing to determine whether said Frederick Petry has the present ability to pay and has willfully and in defiance of the terms of the divorce decree failed to pay petitioner the sum of $90 per month, and to enforce his obligation to make such payments by punishment for contempt of court if he be adjudged guilty thereof.

York, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 13, 1941.