[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter arises out of an administrative appeal brought by the plaintiff/appellant, Clara Liebling ("plaintiff"), from an adverse decision of the Department of Human Services ("D.H.S.") and made pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
The plaintiff applied for Medical Assistance on October 6, 1987. D.H.S. denied plaintiff's application based on its determination that $42,604.34 held in bank accounts by the plaintiff for her daughter's benefit were available resources for the purpose of determining eligibility. Subsequently, plaintiff appealed to this court for review of the D.H.S. decision pursuant to G.L. 1956 (1993 Reenactment) § 45-35-15. On July 16, 1993 this court entered an order reversing the D.H.S. decision as based on an error of law.
While plaintiff appealed the denial of her application for benefits, the contested funds were used to pay for her nursing care at the Jewish Home for the Aged. Plaintiff, on behalf of her daughter, now seeks reimbursement from D.H.S. for amounts paid out of those accounts while the appeal was pending. Additionally, plaintiff asks for reasonable interest on said amounts to compensate for loss of the use of the money. Finally, plaintiff seeks attorneys' fees and costs pursuant to G.L. 1956 (1993 Reenactment) § 42-92-3.
This matter was heard before this court on November 30, 1993. In response to plaintiff's request for reimbursement, D.H.S. argues that plaintiff is entitled only to $20,877.38, the amount Medicaid would have reimbursed the State for such payments, not the higher amount paid by a private payor. Additionally, D.H.S. asserts that the plaintiff is not entitled to interest. Finally, D.H.S. contests that plaintiff's request for attorneys' fees is not properly before this court.
This court is satisfied that the plaintiff is entitled to reimbursement of amounts paid out as a result of D.H.S.'s erroneous decision. To deny the plaintiff reimbursement of such amounts would leave her without an adequate legal remedy. This is especially true, where, as in this case, the contested amounts are completely depleted before plaintiff has exhausted her remedies. This court is not confined to the limited remedies provided in the Administrative Procedures Act where they do not constitute an adequate remedy at law. Yellow Cab Co. v. PublicUtility Hearing Board, 101 R.I. 296, 222 A.2d 361, 362 (1966). The Superior Court has some discretion in fashioning a remedy when hearing an appeal from an agency decision. BirchwoodRealty, Inc. v. Grant, 627 A.2d 827, 834 (1993).
Plaintiff's remedy is limited, however, to amounts paid out after the filing of the application. A determination of eligibility for Medical Assistance runs from the first moment of the first month in which an application is filed and applicant's resources are below the minimum requirements. 19 CRIR Rule 15020 006 at 15 (1991). Absent D.H.S.'s erroneous determination of plaintiff's available resources, plaintiff would have been eligible for Medical Assistance beginning October 1, 1987. Medicaid began paying plaintiff's expenses December 1, 1988. Consequently, plaintiff, on behalf of her daughter, should be reimbursed for payments made between October 1, 1987 and November 30, 1988. A review of the record reveals that plaintiff is entitled to reimbursement in the amount of $38,642.00.[1]
Next, plaintiff contends that she is entitled to interest on the amounts wrongfully included as available resources. Plaintiff argues that D.H.S.'s actions amount to a "taking " in violation of Art. 1 Sec. 16 of the Rhode Island Constitution and thus requires "just compensation." See Gott v. Norberg, 417 A.2d 1352
(1980). This court rejects plaintiff's argument that D.H.S's erroneous decision amounted to a "taking" of property in violation of the R.I. Constitution. Further, the plaintiff has pointed to no statutory authority for granting interest on the facts of this case. This court is mindful that an "award of interest in the absence of statutory authorization is extraordinary and will be granted only under the most unusual circumstances . . . ." Bristol and Warren Gas Co. v. Burke, 493 A.2d 834, 836 (R.I. 1985). In view of the entire record, this court finds that plaintiff has failed to demonstrate such extraordinary circumstances as to warrant interest. Accordingly, plaintiff's request for interest is denied.
Finally, plaintiff seeks attorney's fees and costs under the Equal Access to Justice Act ("E.A.J.A."). G.L. 1956 (1993 Reenactment)42-92-3. Plaintiff's claim for litigation expenses is properly before this court as the court rendering the underlying decision and was properly claimed by motion and argued at the hearing. E.A.J.A. was propounded to mitigate the burden of arbitrary and capricious decisions by administrative agencies and to encourage individuals to appeal such decisions. Taft v. Pare, 536 A.2d 888, 892 (R.I. 1988). An award of attorneys' fees will not be granted if the agency was substantially justified in its decision. Krikorian v. D.H.S.,606 A.2d 671, 675 (R.I. 1993). A decision is substantially justified if it has a "reasonable basis in law and fact." G.L. 1956 (1993 Reenactment) 42-92-2 (f). Our Supreme Court has further defined substantial justification as encompassing agency decisions which are "clearly reasonable, well founded in law and fact, solid thought not necessarily correct." Krikorian, supra at 675.
As set forth in this court's decision dated July 13, 1993, D.H.S.'s decision was clearly erroneous in view of the competent evidence contained in the whole record. The record is devoid of any evidence that the plaintiff used or intended to use the subjects moneys for herself. D.H.S., in contravention of its own regulations, applied what was in essence an irrebuttable presumption of revocability and accessibility with respect to the contested accounts. Such a decision was neither founded in law nor founded in fact. This court finds that D.H.S.'s decision was not substantially justified and thus plaintiff's motion for reasonable litigation expenses is granted.
Accordingly, the Court finds that the plaintiff is entitled to reimbursement in the amount of $38,642.00 plus reasonable litigation expenses.
Counsel shall submit the appropriate judgment for entry.
[1] Plaintiff neglected to account for the fact that she became eligible for Medicaid when her available resources totaled less than $4000.00. This accounts for the differential between the amount erroneously included in the determination and the amount paid out as a result of that error.