[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is defendants' motion for summary judgment brought pursuant to Sup. Ct. R. Civ. P. 56.
FACTS AND TRAVEL
This case arises out of an automobile accident between the parties on June 16, 1989 on Interstate 95 in Providence. The plaintiff, Suzan Higginbotham ("plaintiff"), filed a personal injury action on May 11, 1992 for injuries she sustained in the accident. The defendant, Peter Rossi, was driving a truck owned by his employer, defendant Marieville Auto Supply, Inc. (collectively "defendants"), at the time of the accident. Defendants' insurer, American Universal Insurance Company ("American") has been insolvent continuously since the commencement of this action.
On June 15, 1992 plaintiff filed a complaint against her own insurer, Nationwide Mutual Insurance Company ("Nationwide"). At the time of the accident, the plaintiff was insured for uninsured motorist coverage through Nationwide. On November 24, 1993, the plaintiff settled her action with Nationwide for $9,000.00; an amount less than the policy limits for her uninsured motorist coverage. On January 3, 1994, plaintiff dismissed with prejudice her action against Nationwide.
Defendants now argue that plaintiff is precluded from recovering from the Rhode Island Insurers' Insolvency Fund ("Fund") because she failed to "exhaust" her coverage under her own policy. Defendants urge this Court to adopt a rule that would prevent plaintiffs from seeking recovery from the Fund unless they recover full policy limits from other policies.
STANDARD OF REVIEW
Summary judgment should be granted when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991). The Court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). In passing on a motion for summary judgment, the trial justice must review the pleadings, affidavits, admissions, and similar matters in the light most favorable to the non-moving party. O'Hara v. JohnHancock Mutual Life Ins. Co., 574 A.2d 135, 136 (R.I. 1990). The party opposing summary judgment may not rest upon mere allegations but has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial.Quimette v. Moran, 541 A.2d 855, 856 (R.I. 1988).
Rhode Island Insurers' Insolvency Fund.
The Rhode Island Insurers' Insolvency Fund is a nonprofit unincorporated legal entity created by G.L. 1956 (1989 Reenactment) § 27-34-6. The purpose of the fund is:
 to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer . . . .
G.L. 1956 (1989 Reenactment) § 27-34-2. In accordance with §27-34-4, the provisions of the Act shall be construed liberally to effect such purpose.
Section 27-34-12(1) provides:
 27-34-12. Nonduplication of recovery. (1) Any person having a claim against an insurer under any provisions in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his or her right under such policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under such insurance policy.
The policyholder of an insolvent insurer comes within the definition of an uninsured motorist for the purpose of plaintiff's uninsured motorist coverage. Consequently, plaintiff was covered by her own policy for injury arising out of this accident. A covered claim is "an unpaid claim . . . submitted by a claimant . . . which arises out of and is within the coverage and subject to the applicable limits of an insurance policy . . ." G.L. 1956 (1989 Reenactment) § 27-34-5(6). Under the terms of the nonduplication of recovery provision plaintiff must "exhaust" her right under her own policy before she may assert a claim against the Fund.
Our Supreme Court has not had occasion to interpret the exhaustion of right clause of the nonduplication of recovery provision. Generally, when determining the meaning of a statute the Court must read the language of the statute to effectuate the legislative intent. Gilbane Co. v. Poulas, 576 A.2d 1195, 1196 (R.I. 1990). If the language of the statute is clear on its face, then the plain meaning of the words must be given effect. Id.
Furthermore, the words must be interpreted in light of the entire statute. Krikorian v. R.I. Dept. of Human Services,606 A.2d 671, 675 (R.I. 1992). In this case, the Court is guided in its interpretation by the mandate that the statute be construed liberally to effectuate the purpose of the Act. G.L. 1956 (1989 Reenactment) § 27-34-4.
Defendants argue that the exhaustion of right under other policies is a clear condition precedent to recovery from the Fund. They further assert that recovery in an amount less than the full coverage limits bars plaintiff's efforts to proceed against the Fund. This Court is persuaded by defendants' contentions. The term "exhaust her rights" is clear on its face. Where the language is clear, this Court is bound by the plain meaning of the words. The word exhaust is commonly defined as "to use up completely." It is clear that the legislature intended injured parties to obtain the policy limits from other insurance before seeking recovery against the Fund.
Several jurisdictions have found that settlements do not constitute an exhaustion of right under the nonduplication of recovery provision. In Prutzman v. Armstrong, the Supreme Court of Washington held that settlement by the plaintiff with her own insurer in an amount less than her policy limit, barred her action against the State Insurance Guaranty Association.Prutzman v. Armstrong, 579 P.2d 359, 362 (Wa. 1978). The Washington Court found that no other interpretation of the provision would provide incentive for adequate settlement. Id.
The Delaware Superior Court has recently adopted a similar rule.Witkowski v. Brown, 576 A.2d 669 (De. 1989).
The approach enunciated in Prutzman, and adopted by this Court is consistent with the purpose behind the Rhode Island statute. Such an approach insures that the Fund remains a resource of last resort.
This Court has considered the arguments of counsel. It has reviewed the trial discovery responses contained in the file and after due consideration, this Court finds that there remain no material issues of fact to be resolved at trial. Accordingly, the defendants' motion for summary judgment is granted.
Counsel shall prepare an appropriate order for entry.