DECISION
The plaintiffs, Thomas Q. Bristol and Jane Doe[1]
(plaintiffs), each filed individual appeals of a final agency decision of the Rhode Island Department of Human Services (DHS) denying Medical Assistance (MA) coverage for incontinence supplies prescribed by his or her respective physician. These two matters have been consolidated by order of the Court. Jurisdiction is pursuant to G.L. 1956 § 42-35-15 (g). The uncontroverted facts pertinent to this appeal are as follows.
Each plaintiff is a categorically needy recipient of Medical Assistance benefits in the State of Rhode Island. Each plaintiff suffers from incontinence; that is, the inability to retain or control urination due to a medical condition. Bristol underwent a radical perineal prostatectomy, surgical excision of the prostate gland, for treatment of prostatic carcinoma on April 15, 1994, which resulted in permanent urinary incontinence. His urinary incontinence requires management with multiple adult diaper changes on a daily basis. His treatment duration is indefinite, and his prognosis is poor. Additionally, the prostate surgery and its required treatment, including the diaper pads for his incontinence, have adversely affected his emotional health leaving him feeling discouraged, hopeless, and embarrassed by some of the treatments which include having to wear a diaper pad.
Doe, currently sixty years of age, underwent rectal surgery for excision of a large fecalith in 1987. Her sphincter tone never returned after the surgery resulting in permanent bowel incontinence. The required treatment for Doe includes the daily use of "adult diapers" for the remainder of her life.
Both plaintiffs requested Medical Assistance coverage for adult incontinence pads from the DHS and submitted evidence from their respective treating physicians documenting their underlying conditions and their subsequent medical need for the supplies. Both plaintiffs were denied coverage, and each plaintiff thereafter filed a separate appeal with the agency. Separate hearings were held for each plaintiff resulting in similar decisions denying Medical Assistance coverage. The DHS's denials concluded that "incontinence supplies [adult diapers] are not covered under the scope of services" under Rhode Island's Medical Assistance Plan. Decision of Hearing Officer, Docket No. 95-844, dated November 16, 1995. The DHS's policy manual cites examples of various items for which there is no provision for payment "since they do not meet the definition of Durable Medical Equipment, Surgical Appliances or Prosthetic Devices . . ." DHS Agency Policy Manual, Section 0300; Medical Assistance Program — Scope of Services. An example provided for which there is no provision for payment is "disposal diapers."
The plaintiffs each filed a timely appeal to the Superior Court. The two cases were consolidated and are now before this Court. The sole issue presented is whether DHS's undisputed policy to exclude incontinence supplies from its discretionary scope of services, regardless of the medical necessity of those supplies, is arbitrary or capricious. For the following reasons, the agency decisions are reversed.
Standard of Review
This Court's review of an administrative appeal from an agency is governed by R.I.G.L. § 42-35-15 (g), which provides in pertinent part:
 § 42-35-15. Judicial review of contested cases.
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon lawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
The Medical Assistance Program
The Rhode Island Department of Human Services (DHS) is an agency within the executive branch of state government responsible for the management, supervision and control of a myriad of social service programs. G.L. 1956 § 42-12-1 etseq. DHS is responsible for the supervision and management of several state and federally funded public financial assistance programs such as the Medical Assistance (MA) program. G.L. 1956 § 42-12-4. This program provides medical coverage to disabled individuals who do not possess the financial means to meet necessary medical costs. Social Security Act (the Act) § 1901, as amended by 42 U.S.C. § 1396. A state need not participate in the federal MA program; however, once it chooses to do so, it must administer its program in compliance with federal law. Harris v. McRae, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1979). Federal law mandates that recipients of Aid to Families with Dependent Children (AFDC) and Supplemental Security Income (SSI), known as the "categorically needy," must be provided with MA benefits. 42 U.S.C. § 1396a(a)(10)(A)(i).
The state of Rhode Island is a willing participant in the MA program which was established to ensure that eligible persons "receive adequate medical care and treatment in time of need." G.L. 1956 § 40-8-1. Federal law requires the states which have chosen to participate to provide certain "mandatory services" which include hospital and physician coverage. Participating states may elect to provide additional coverage by offering other "optional categories of service." See42 U.S.C. § 1396a(a)(10); 42 C.F.R. § 440.210; and 42 U.S.C. § 1396d(a). The first "optional categories of service" are "prescribed drugs, dentures, and prosthetic devices."42 U.S.C. § 1396d(a)(12).
The second optional category is defined in 42 U.S.C. § 1396
(a)(13) as
 ". . . other . . . preventive and rehabilitative services, including any medical or remedial services (provided in a facility, a home, or other setting) recommended by a physician . . . for the maximum reduction of physical or mental disability and restoration of an individual to the best possible functional level."
The state of Rhode Island offers both of these options. See DHS "Medical Assistance Manual," § 330.20.05; Rhode Island Medical Assistance State Plan.
Analysis
Federal statutory provisions allow participating states much discretion in fashioning their MA plans; however, this discretion is not unbridled. The standards a state adopts for determining eligibility and extent of covered services must be "reasonable" and "consistent with the objectives of the [Social Security] Act." 42 U.S.C. § 1396a(a)17. The concept of "medical necessity" is the "touchstone" for evaluating the reasonableness of a participating state's MA standards. Allen v. Mansour, 681 F. Supp. 1232, 1237 (E.D. Mich. 1986). Medical necessity is not defined in the Act; rather, it appears that the determination is made on a case-by-case basis by the individual treating physician. It appears that Congress intended that treating or attending physicians play a primary role in determining need for services or medical necessity. In Pinneke v. Preisser, 623 F.2d 546, 549-550 n. 3 (1980), the court stated that:
 "[t]he committee's bill provides that the physician is to be the key figure in determining utilization of health services — and provides that it is a physician who is to . . . order tests, drugs, and treatments." (Citing) Senate Report No. 404, 89th Congress, 1st session, U.S. Code Admin. News
1965, p. 1986.
The Court further stated that:
 [t]he decision of whether or not certain treatment . . . is `medically necessary' rests with the individual recipient's physician and not with clerical personnel or government officials." Pinneke at 550.
Clearly, the Act creates a presumption in favor of the medical judgment of the attending or treating physician. Pinneke at 549.
When a participating state's limits have the dire effect of denying medically necessary treatment or supplies, courts often find them to have run afoul of the Act, frequently citing Beal v.Doe, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977). In Beal, the United States Supreme Court had emphasized the importance of professional medical judgments in determining medical need and warned that ". . . serious statutory questions might be presented if a state Medicaid plan excluded necessary medical treatment from its coverage." Beal at 550.
The record reveals that the incontinence supplies requested in the case at bar are the only available treatment for the plaintiffs' conditions. Their physicians have thoroughly documented medical necessity of the incontinence supplies as the only available treatment. Neither party disputes the fact that each plaintiff suffers a physiological condition which causes medically-determinable incontinence. Plaintiff Bristol may eventually require an artificial sphincter, and plaintiff Doe has a permanent loss of sphincter tone as a result of an operation. Again, the incontinence supplies are necessary due to a medical condition, and both plaintiffs' physicians have prescribed these supplies and have documented their medical necessity. A review of the reliable, probative and substantial evidence in the record shows nothing to the contrary. The defendant agency has not overcome the presumption in favor of the physicians' medical judgment.
These incontinence supplies fall well within the federal definition of "optional categories of service." under 42 U.S.C. § 1369d(a)(13). As previously stated, this optional category of services, which Rhode Island participates in, includes "preventive and rehabilitative services . . . for the maximum reduction of physical or mental disability and restoration of an individual to the best possible functional level."
The Department of Human Services' blanket exclusion of coverage of incontinence supplies is an unreasonable standard inconsistent with the purposes of the Medical Assistance program, and, therefore, contrary to 42 U.S.C. § 1396 (a)(17). It is arbitrary and capricious in that it excludes coverage of services without regard to medical necessity and because it provides inadequate deference to the treating or attending physician's considered judgment. It is inconsistent with the stated purposes and objectives of the Act, 42 U.S.C. § 1396, as it undercuts, rather than promotes, a recipient's ability to attain or retain capability for independence and self-care. Contrary to42 U.S.C. § 1396a(a)(19), DHS' exclusionary policy fails to ensure that eligibility for care and services is provided in a manner consistent with the best interests of recipients.
The agency decisions in these two consolidated cases are wholly inconsistent with the purposes of the Rhode Island Medical Assistance statute: to ensure that eligible persons will receive adequate medical care and treatment in time of need. R.I.G.L. § 40-8-1. The record demonstrates that each plaintiff in the case at bar is eligible for Medical Assistance and has a medical need for incontinence supplies as prescribed by their treating physicians. The court finds the exclusion to be unreasonable and contrary to the Act.
An agency policy which does not and cannot respond to medical need is arbitrary and capricious. Furthermore, the reliable, probative and substantial evidence on the whole record is that these incontinence supplies required by these two plaintiffs are a reasonable and viable treatment alternative and are medically necessary. The agency decision is clearly erroneous in light of the competent evidence in the whole record.
Additionally, the plaintiffs have asked for an award of attorney's fees under the Equal Access to Justice Act. G.L. 1956 § 42-92-1 et seq. This act was propounded to mitigate the burden of arbitrary and capricious decisions by administrative agencies and to encourage individuals to appeal such decisions.Taft v. Pare, 536 A.2d 888, 892 (R.I. 1988). An award of attorney's fees will not be granted if the agency was substantially justified in its decision. Krikorian v. D.H.S.,606 A.2d 671, 675 (R.I. 1993). A decision is substantially justified if it has a "reasonable basis in law and fact." G.L. 1956 §42-92-2 (f). Our Supreme Court has further defined substantial justification as encompassing agency decisions which are "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Krikorian at 675. Because the court finds the DHS decisions to be arbitrary and capricious and to be clearly erroneous in view of the competent evidence contained in the whole record, an award of attorney's fees is justified.
Conclusion
After review of the entire record, including all pertinent medical data, this court finds that the decisions of the Department of Human Services denying Medical Assistance coverage to the plaintiffs are arbitrary and capricious. In addition, these decisions are not supported by the reliable, probative and substantial evidence of the whole record. Consequently, substantial rights of the plaintiffs have been prejudiced. Accordingly, this court reverses the agency decisions and orders the Department of Human Services to find the plaintiffs eligible for Medical Assistance retroactive to the date of request, to reimburse the plaintiffs for expenses incurred, and to immediately begin providing plaintiffs with Medical Assistance coverage of the requested incontinence supplies.
Counsel shall submit the appropriate judgment for entry.
[1] Plaintiff Doe was granted leave by the Superior Court to proceed under a pseudonym.