DECISION
The appellant, Frederic Marzilli (Appellant), seeks reversal of the November 12, 1996 decision of the Rhode Island Department of Human Services (DHS). In its decision, DHS denied Appellant's application for Medical Assistance (MA) benefits. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
Ms. Pope is a resident of Orchard View Nursing Home (Orchard View). On February 1, 1990 the appellant was appointed as conservator of the estate of Barbara Pope by the East Providence Probate Court. On February 14, 1995, the East Providence Probate Court approved the appellant's request to prepay Ms. Pope's funeral expenses in the amount of six-thousand-four-hundred and ninety-six dollars ($6,496.00). Subsequent to this approval, on October 11, 1995, the appellant applied for MA benefits on behalf of Ms. Pope to pay for her living expenses at Orchard View.[1] The application requested retroactive MA benefits to include August and September of 1995. On October 23, 1995, the appellant entered into a contract with Drabble-Sherman Funeral Home for the cost of Ms. Pope's funeral. On October 24, 1995, the appellant paid the appellant's July 1995, bill for the nursing home in the amount of three-thousand, four-hundred dollars ($3,400).[2]
Ms. Pope's application for MA benefits beginning in August 1, 1995 was denied by DHS because Ms. Pope was financially ineligible as of October 1, 1995. However, DHS provided for the benefits to start on November 1, 1995 when her assets had been reduced to the allowable amount of four thousand dollars ($4,000). Subsequently, the appellant appealed the decision of DHS, and a hearing was held before a Hearing Officer, James Racine, on October 4, 1996. A final administrative decision denying the appeal was issued on November 21, 1996.
A timely appeal of that decision and a certified copy of the complete administrative record were filed with this Court on January 11, 1997. However, until July 11, 2000, the case remained dormant, at which time DHS moved this Court to dismiss the charges pursuant to Super. R.Civ.P. 41(b)(2), lack of prosecution. The motion to dismiss was granted, after which the appellant appealed that decision to the Rhode Island Supreme Court. On December 17, 2002 the Supreme Court stayed the dismissal and remanded the case to this Court for a decision based on the briefs and transcript.
 STANDARD OF REVIEW
The standard of review for this Court's appellate consideration of a decision of the Department of Human Services is governed by G.L. §42-35-15(g) of the Administrative Procedures Act. Said section provides for review of contested agency decisions as follows:
 "The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on the questions of fact. The court may affirm a decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency decision, pursuant to § 42-35-15, the Superior Court sits as an appellate court with limited scope of review.Mine Safety Appliances v. Berry, 620 A.2.d. 1255, 1259 (R.I. 1993). The Superior Court is limited to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Johnston Ambulatory Surgical Associates, Ltd. v.Nolan, 755 A.2d 799, 805 (R.I. 2000) (quoting Barrington School Committeev. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992)). If there is sufficient competent evidence in the record, the court must uphold the agency's decision. Id. at 805 (citing BarringtonSchool, 608 A.2d. at 1138). A judicial officer may reverse the findings of the administrative agency only in instances where the conclusions and the findings of fact are "totally devoid of competent evidentiary support in the record," (Bunch v. Board of Review, 690 A.2d 335, 337 (R.I. 1997); Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981), or from the reasonable inference that might be drawn from such evidence. Id. at 337 (quoting Guardino v. Department of SocialWelfare, 122 R.I. 583, 588-89, 410 A.2d 425, 428 (1980)). Additionally, questions of law are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts.Narragansett Wire Co. v. Norberg, 376 A.2d 1, 16 (R.I. 1977); Bunch, 690 A.2d. at 337.
 DEPARTMENT OF HUMAN SERVICES
The DHS is an agency within the executive branch of state government.See R.I.G.L. 1956 § 42-12-1 et seq. Pursuant to its statutory mandate, DHS is responsible for the management, supervision, and control of various social service programs. Specifically, DHS is responsible for the management of state and federally funded public financial assistance programs. See R.I.G.L. 1956 § 42-12-4. The DHS is also responsible for administering the Medical Assistance Program (Medicaid) within the standards of eligibility, as enumerated in R.I.G.L. 1956 § 40-8-3. For all eligible individuals, DHS pays benefits pursuant to regulations it must develop and have approved by the federal government, as comporting with federal requirements, in order to receive federal funding. In the creation of the Medicaid eligibility criteria, the state is obligated to follow the methodology determinations of the Supplemental Security Income Program and the Social Security Act of 1902. See42 U.S.C. § 1396 et seq. The Medicaid Program is a joint federal-state program. The United States Department of Health and Human Services is the responsible federal agency, and the Rhode Island Department of Human Services is the responsible State agency.
The State and federal government have the ability to create laws and regulations under the authority of Title XIX of the Social Security Act and Rhode Island General Laws § 40-8 to establish eligibility criteria for MA benefits. In creating the eligibility criteria, the State is obliged to follow the determinations of the Supplemental Security Income Program (SSI). See 42 U.S.C. § 1396. In addition, Title XIX requires that the State of Rhode Island establish a State Plan to be approved by the United States Department of Health and Human Services in order for the state to qualify for federal funding. In the present matter, the State Plan had been approved by the Department of Health and Human Services.
 DECISION OF THE HEARING OFFICER
The Rhode Island Department of Human Services Policy Manual (DHS Manual) sets out the procedure for determining an individual's eligibility for MA benefits. The DHS Manual § 0380.05 sets an eligibility limit of $4,000 for an individual's available resources. In the present matter, it is undisputed that the amount of Ms. Pope's assets of thirteen-thousand and thirty-nine dollars ($13,039) exceeded the resource limit as of October 11, 1995. At issue is whether the burial expenses of five-thousand, four-hundred and ninety-six dollars ($5,495) are an allowable expense which can be used to reduce the assets to the allowable limit.
 DEFERENCE TO THE ADMINISTRATIVE AGENCY
The appellant argues that since the East Providence Probate Court approved his expenditure of the money for the prepaid funeral, these expenses fall under an exception to the allowable expenses. DHS argues that the Rhode Island Department of Human Services Policy Manual is quite explicit as to the types of expenses that qualify to reduce an applicant's assets, and burial expenses are not among the approved expenses.
Section 0380.45.10 categorizes allowable expenses which may be used to reduce an applicant's asset to the required amount. Section 0380.45.10 states:
 "Only certain expenses may be used to establish eligibility by reduction of excess resources. The expenses are as follows:
 Medical expenses that would be allowed under the policy on the FLEXIBLE TEST OF INCOME.
 Certain fees required for a) an individual to make income resources available; or b) an incompetent individual, who needs a court-appointed guardian to access or consent to necessary medical treatment, including applying for Medical Assistance. Only fees indicated in Sections 0380.45.10.05 through 0390.45.10.15 are allowable under this provision."[3]
The Hearing Officer, in his decision of November 21, 1996, found that the burial expenses were not allowable to reduce Ms. Pope's assets under Section 0380.45 and thus denied the application for the time period requested by the appellant. See Decision at 3-5. The Hearing Officer found that, "[U]pon carefully reviewing the above-cited policies and other evidence, I must conclude that the cost of a prearranged burial plan is not an allowable expense when considering eligibility under the Agency's resource reduction policy." See Decision at 6.
It is a well settled doctrine in Rhode Island that administrative agencies are given great deference in interpreting statutes with which they have been entrusted. State v. David Cluley, 808 A.2d 1098, 1103 (R.I. 2002) (finding that the law in Rhode Island is well settled that an administrative agency will be accorded great deference in interpreting a statute whose administration and enforcement have been entrusted to the agency); see also In re Lallo, 768 A.2d 921, 926 (R.I. 2001); BerkshireCable Vision of Rhode Island, Inc. v. Burke, 488 A.2d 676, 679 (R.I. 1985). In the creation of the Medicaid eligibility criteria, the state is obligated to follow the methodology determinations of the Supplemental Security Income Program. See 42 U.S.C. § 1396 et seq. The State of Rhode Island has entrusted DHS with the administration and enforcement of Rhode Island's Medicaid program. As such, this Court must give deference to the interpretation of the DHS Hearing Officer that burial expenses are not considered allowable reduction expenses under the MA benefits program.
Furthermore, the task of this Court in construing a statute is to "establish and effectuate the intent of the Legislature." WayneDistribution Co. v. Rhode Island Commission For Human Rights, 673 A.2d 457, 460 (R.I. 1996) (quoting Rhode Island State Labor Relations Board v.Valley Falls Fire District, 505 A.2d 1170, 1171 (R.I. 1986)). The intent of the Legislature is determined "by examining the language, the nature, and the object of the statute while giving its words their plain and ordinary meaning." C J Jewelry Co., Inc. v. Department ofEmployment and Training Board of Review, 702 A.2d 384, 385 (R.I. 1997). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings."Providence Worcester R. Co. v. Pine, 729 A.2d 202, 208 (R.I. 1999) (quoting Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)).
This Court finds that the plain and ordinary meaning of the language in § 0380.45 does not include prepaid burial plans. Accordingly, this Court's review of the plain and ordinary meaning of the language in § 0380.45.10 comports with the Hearing Officer's interpretation of 0380.45.10 that prepaid burial expenses are not allowable as asset reduction expenses.
 COURT-ORDERED TRANSFER
The appellant next argues that Section 0384.45, "rebuttal of presumption of prohibited transfers," allows Ms. Pope to rebut the presumption that the purchase of the prepaid burial service was done exclusively to establish eligibility for nursing home benefits. See
Appellant's Brief at 6.
 Section 0384.45 states in pertinent part:
 "An individual may rebut the agency's presumption that assets were transferred in order to become eligible for nursing facility payments.
 The presence of one or more factors may indicate that the asset was transferred exclusively for some purpose other than establishing eligibility for nursing facility payments.
 These factors are: . . .
 Court-ordered transfer."
The appellant argues that since the East Providence Probate Court authorized his purchase of the prepaid burial service for Ms. Pope, this authorization qualifies as a court-ordered transfer, and thus the expenditure is eligible as income reduction under Section 0384.45.
The appellant fails to recognize the difference between a court order and a court authorization. A court order is a command from the Court, and an authorization is similar to asking permission from the Court. SeePetry v. Superior Court of Los Angeles County, 116 P.2d 954, 46 C.A.2d 756 (finding that the mere approval of a property settlement is not an "order" from the court). Black's Law Dictionary defines "order" as a command, direction, or instrument. See Black's Law Dictionary 459 (6th ed. 1996). The term, "authorize," can be defined as follows: (1) To give legal authority; to empower; or (2) To formally approve; to sanction.Id. at 52.
In the present matter, the appellant, by his own admission, was not ordered by the East Providence Probate Court to buy the burial plan; he was authorized to do so after petitioning the Court. See Appellant's Memorandum of Law at 7. As the conservator of Ms. Pope's estate, the appellant had the choice of using the money to prepay for a burial plan or pay for her nursing home care. The money could also have been spent by the appellant in one of the allowable expense reduction methods outlined in sections 0380.45.10.05 through 0390.45.10.15 of the DHS Policy Manual. Thus, the appellant failed to rebut the presumption pursuant to § 0384.45 of the DHS Policy Manual. Accordingly, this Court finds that the November 21, 1996, decision of the Hearing Officer that Ms. Pope was not eligible for MA benefits as of August 1, 1995 was not in violation of constitutional or statutory provisions, made upon unlawful procedure, or affected by other error of law.
 FILING LATE
Even assuming, arguendo, that the prepaid burial expenses qualified as an allowable asset reducing expenses, the appellant would still not be entitled to receive MA benefits for the time period requested in his application because the resource reduction policy is not retroactive. The appellant applied for the MA benefits on October 12, 1995 and the appellant requested the benefits to be retroactive as to August 1995.
Section 0380.45 (Resource Reduction) states in pertinent part: "[T]he bills used to establish eligibility cannot be incurred earlier than the first day of the month prior to the date of an application that is eventually approved. . ." In order for Ms. Pope to receive a resource reduction starting in August of 1995, the appellant would have had to apply for the benefits in August of 1995, not October of 1995.[4]
Accordingly, this Court finds that the Hearing Officer's decision of November 21, 1996, denying the prepaid burial plan as an allowable expense reduction was not arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
 ATTORNEY'S FEES
In the complaint, the appellant requests fees pursuant to the State Equal Access to Justice Act (EAJA). See R.I.G.L. § 42-92-1 et seq.
Under the EAJA the appellant would be able to recover reasonable attorney's fees if he is deemed the prevailing party. See Krikorian v.Rhode Island Department of Human Services, 606 A.2d 671 (R.I. 19922). In addition, the EAJA provides that the prevailing party is not entitled to fees if the administrative agency was substantially justified in actions leading to the proceedings or the proceeding itself. See R.I.G.L. §42-92-1. In the present matter, the DHS is the prevailing party in this action. Therefore, the appellant is not entitled to recover attorney's fees pursuant to § 42-92-1.
 CONCLUSION
After a thorough review of the entire record in this matter, this Court finds that the DHS's decision is supported by reliable, substantial, and probative evidence and was not made upon unlawful procedure or in violation of constitutional or statutory provisions, or affected by other error of law. Substantial rights of the petitioners have not been prejudiced. Accordingly, the November 21, 1996 decision of the Department of Human Services is affirmed. Counsel shall submit the appropriate judgment for entry.
[1] It is undisputed that prior to October 11, 1995, Ms. Pope's assets were higher than the maximum allowed to qualify her eligible for MA benefits.
[2] The record of the DHS hearing reflects, according to the appellant, that the delay between the time that the East Providence Probate Court authorized the expenditure for the prepaid burial plan on February 14, 1995 and the actual expenditure on October 23, 1995 was due to a lack of secretarial support in the appellant's office. See
Transcript at 14.
[3] The fees indicated in Sections 0380.45.10.05 through 0380.45.10.15 are guardian/conservatorship costs, legal fees, and tax assessments.
[4] In the October 14, 1996, hearing before the Hearing Officer, the appellant stated, ". . . . I think the problem was primarily caused, with, by my ignorance over, umm, the effective date of applications and whether or not they [sic] can be retroactive." See Transcript at 12.